UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAN ADMINISTRATOR OF THE CHEVRON CORPORATION RETIREMENT RESTORATION PLAN, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>ANNE MINVIELLE, et al.,<br><br>   Defendants. | Case No. 20-cv-07063-TSH<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 103 |

  Defendants/Cross-Defendants Anne Minvielle and Leon Minvielle have filed a "Motion to Reconsider and Reverse Order Denying Motion to Change Venue." ECF No. 103. The Minvielles do not state the authority under which they bring their motion for reconsideration. However, Civil Local Rule 7-9(a) provides that "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." As the Minvielles did not seek leave of court, their motion should be denied on this ground. However, even considering the merits of their motion, the Court finds it must be denied.

  A motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. *See* Civ. L.R. 7-9(b). Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253,

1    1254 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted). Furthermore, "[a]
2    motion for reconsideration 'may not be used to raise arguments or present evidence for the first
3    time when they could reasonably have been raised earlier in the litigation.'" *Marlyn*
4    *Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting
5    *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

6    In its February 9 order denying the Minvielle's motion to change venue, the Court found
7    the interests of justice did not favor transfer under 28 U.S.C. § 1404(a). ECF No. 97; *Plan Adm'r*
8    *of Chevron Corp. Ret. Restoration Plan v. Minvielle*, 2024 WL 536277, at *1 (N.D. Cal. Feb. 9,
9    2024). In so ruling, the Court considered:

> (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in each forum.

14   *Id.* at 4 (quoting *Easton v. Wells Fargo & Co.*, 2020 WL 3639934, at *2 (N.D. Cal. July 6, 2020)).
15   As to the plaintiffs' choice of forum, the Court noted that Chevron alleged venue is proper
16   in this District and that great weight is generally accorded this choice, but that Chevron is no
17   longer a party to this case and any deference owed to Chevron's choice of venue was substantially
18   diminished. *Id.* at 5.
19   As to the convenience of the parties, the Court noted the Minvielles reside in Louisiana's
20   Western District, and that forum was more convenient for them, but Defendant and
21   Counterclaimant Martin Byrnes stated he does not have counsel in Louisiana and would likely
22   need to engage new local counsel in Louisiana, which could delay resolution of this matter and
23   cause Byrnes additional costs. *Id.* At the same time, the Court noted Byrnes resides in the South
24   of France, and neither party has any affiliation with California. As such, the Court found this
25   factor slightly favors transfer. *Id.*
26   As to the convenience of the witnesses, the Court found the Minvielles failed to meet their
27   burden because they stated only generally that the relevant witnesses are either in London or
28   Louisiana, while Byrnes had named at least ten witnesses in California. *Id.* at 6-7. The Court also

noted that, although Chevron has been released from this case, it may still be required to participate. *Id.* at 8. The Court also noted that any relevant witnesses in London would be equally inconvenienced by having to travel to California as Louisiana. *Id.*

As to the remaining factors, the Court found they likewise failed to strongly favor transfer. Concerning ease of access to the evidence, relevant evidence is likely found in this District, London, and Louisiana, making this factor neutral. *Id.* Further, given that the case concerns ERISA benefits, this Court is just as familiar with the relevant federal law as courts in the Western District of Louisiana. *Id.* The Court also noted that Byrnes has filed another case in this District, which is also pending before the undersigned. *See Byrnes v. Chevron Corp.*, Case No. 3:21-cv-02686-TSH. While the two cases have not been officially related, the Court found the cases are similar enough that transferring this case would create a duplication of labor and judicial resources if the actions were conducted in different venues before different judges. *Id.*

Finally, the Court found that transfer to Louisiana does not serve the interests of justice because both this case and the 2686 case have been pending here for some time, and this Court is likely positioned to resolve the disputes faster than a new court. *Id.* at 9.

The Minvielles now argue the Court should reconsider its order on two grounds: (1) the Court failed to consider the witnesses they named in Louisiana; and (2) "the logical and legally correct thing to do is to transfer both cases to the Western District of Louisiana for consolidation in that district where the overwhelming number of witnesses (both doctors and lay witnesses) reside." Mot. at 2, 6. The Minvielles admit the "lack of detailed specificity" regarding these witnesses in their previous motion and state this "would have improved the quality of our previously-filed memoranda," but they "urge that the Court should consider this information in support of our Motion to Change Venue based upon the logic and fairness stated at Federal Rule 56(e)(1)." *Id.* at 2. This is not a correct basis on which to seek leave for reconsideration, as it does not present a material difference in fact or law, does not establish the emergence of new material facts that were unavailable to the Minvielles, and, based on the Minvielles' admission that their previous motion lacked detailed specificity regarding these witnesses, does not establish a manifest failure by the Court to consider material facts. Regardless, as stated in its previous order,

3

1  there are potential witnesses in Louisiana, California, and London, and any choice of venue would
2  be equally inconvenient to the witnesses not located in that venue.  Further, as the moving party,
3  the Minvielles may not reargue any written or oral argument previously asserted to the Court.
4  Civ. L.R. 7-9(c).

5        As to the Minvielles' argument that both cases should be transferred to and consolidated in
6  the Western District of Louisiana, the Court disagrees.  As previously noted, relevant evidence is
7  likely found in at least this District, London, and Louisiana.  Most importantly, transfer to
8  Louisiana does not serve the interests of justice because both this case and the 2686 case have
9  been pending here for some time, and this Court is likely positioned to resolve the disputes faster
10 than a new court.  *See Pratt v. Rowland*, 769 F. Supp. 1128, 1133 (N.D. Cal. 1991) ("The Ninth
11 Circuit has frequently held that a motion for transfer may properly be denied where, as here, a case
12 has been pending for some time in the original court or where a transfer would lead to delay.");
13 *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) (affirming
14 decision not to transfer, in part because "[t]he district court was familiar with the case and transfer
15 may have led to delay.")).

16       Accordingly, the Court **DENIES** the Minvielles' motion for reconsideration.
17 **IT IS SO ORDERED.**

19 Dated: March 1, 2024

THOMAS S. HIXSON
United States Magistrate Judge

4